IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER                                               PETITIONER

    V.                    Civil No. 00-CV-4036

LARRY NORRIS, Director of
Arkansas Department of Corrections                          RESPONDENT

O R D E R

Currently before the Court is Petitioner's Motion for Leave to Conduct Discovery.[1] (Doc. 60.) Petitioner's counsel states that

---

[1] Request for subpoenas duces tecum for
1. Southwest Arkansas Counseling and Mental Health Center, Inc. (hereinafter "Southwest Arkansas Counseling"), requiring production of any and all records including, by way of illustration only and not limitation, charts, notes, recorded impressions, graphs, laboratory results, photographs, computer files or records or other recordings regarding the court ordered psychological evaluation performed on Petitioner. In February 1994, Petitioner was sent to Southwest Arkansas Counseling for a mental health evaluation prior to his capital trial. Materials related to that evaluation that are currently in the possession of undersigned counsel include reports of the evaluation of Petitioner by Dr. James R. Blackburn dated February 11, 1994, and Dr. Marianne Seidel dated February 17, 1994 and some information on the tests administered. The material does not include Miller County Circuit Court documents, Arkansas State Police Criminal Investigation Division reports including the transcript of Petitioner's statement, Arkansas State Crime Laboratory reports and Miller County Sheriff's Department reports reviewed by Drs. Blackburn and Seidel, as mentioned in their respective reports, when evaluating Petitioner; the information obtained from Petitioner by Dr. Seidel during her interview including the information received from Petitioner during the mental status examination; all of the data, including the raw data, from the Bender Visual-Motor Gestalt Test, Wide Range Achievement Test - Revised Form, Wechsler Adult Intelligence Scale - Revised Form, Minnesota Multiphasic Personality Inventory - Short Form, Rotter Incomplete Sentences Blank and mental status assessment given by Dr. Blackburn...
2. Associated Family Therapists, Texarkana, Texas, requiring production of any and all records, charts, notes, graphs, photographs, written impressions, computer files or other recordings maintained regarding the examination and psychological evaluation of Petitioner. In February 1994 Petitioner was evaluated by Mary Pat Carlson at Associated Family Therapists prior to his capital trial. Materials related to that evaluation that are currently in the possession of Petitioner's counsel include a report on the evaluation by Mary Pat Carlson dated February 18, 1994. The material received does not include the interview notes, the data, or the raw data of the psychological tests administered to Petitioner including the WAIS-R, Rorschach, Projective Drawings, MMPI, and Bender Gestalt.

"discovery is necessary in order that a complete social history may be prepared which must be accomplished before the necessary expert(s) can be identified that will be needed to evaluate Petitioner." (*Id.* at 3.)  Respondent opposes the motion on the grounds that it is "premature at this juncture because relief is foreclosed by 28 U.S.C. § 2244(b) and (d)..." (Doc. 61, p. 1; *see also* Doc. 63.)

Petitioner specifically requests discovery in the form of subpoenas duces tecum to five entities/individuals for documents related to previous mental evaluations of Petitioner. Petitioner has made a sufficient showing of good cause for discovery; specifically showing that if the facts are fully developed, he may be able to demonstrate that he is mentally retarded, and thus, entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899 (1997).

There are times in which pre-hearing discovery is essential; this is one of those times. The Advisory Committee Notes to Rule 6

---

3. Dr. James Blackburn for any and all records including, by way of illustration only and not limitation, personal notes, files (computer or otherwise), recorded impressions, charts, graphs, laboratory results, tests, data, raw data, photographs or other recordings in the possession of or under the control of Dr. James Blackburn pertaining or related to the assessment of Petitioner.
4. Dr. Marianne Seidel for any and all records including, by way of illustration only and not limitation, personal notes, files (computer or otherwise), recorded impressions, charts, graphs, laboratory results, tests, data, raw data, photographs or other recordings in the possession of or under the control of Dr. Marianne Seidel pertaining or related to the assessment of Petitioner.
5. Mary Pat Carlson for any and all records including, by way of illustration only and not limitation, personal notes, files (computer or otherwise), recorded impressions, charts, graphs, laboratory results, tests, data, raw data, photographs or other recordings in the possession of or under the control of Dr. Marianne Seidel pertaining or related to the assessment of Petitioner. (Doc. 60, pp.6-8.)

AO72A
(Rev. 8/82)

approve the use of discovery in appropriate cases before an evidentiary hearing has been granted. This is a case where the record must be expanded due to no state record existing on the issue and the lack of non-futile state remedies available to allow Petitioner to bring his newly created constitutional claim. Discovery at this point will allow facts to be presented to the Court to assist with the question of whether an evidentiary hearing is warranted. The discovery sought is neither overbroad, nor is it premature. Furthermore, discovery should be liberally granted in capital cases. *McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in the judgment in part); *accord id.* at 855 (majority opinion). Upon due consideration, Petitioner's motion is GRANTED.

Also before the Court is Respondent's Motion to Preclude Discovery, or in the Alternative, Motion for Leave to Conduct Discovery. (Doc. 61.) For the reasons stated above, Respondent's Motion to Preclude Discovery is DENIED.

Respondent also requests leave to conduct discovery. Specifically, Respondent seeks to discover "all necessary discovery related to the petitioner's claim that he is mentally retarded." (Doc. 61, p. 6.) Respondent asks for relevant records pertaining to the petitioner's educational history, work history, and mental-health history. Respondent also requests to take a deposition of any expert witness relied upon by Petitioner, and the ability to have Petitioner

3

examined by "an appropriate mental-health professional for purposes of conducting any evaluations necessary and helpful to determination of his claim of mental retardation, if such an examination becomes necessary." *Id.* at 6-7.

Petitioner objects to Respondent's Motion for Leave to Conduct Discovery based on it being overly broad, vague and premature (Doc. 62.), and we agree. The request identifies no document to be produced, nor is any person named to be deposed. Furthermore, the request for examination of Petitioner concedes that it is not yet necessary. *See* Doc. 61, pp. 6-7. Respondent's Motion for Leave to Conduct Discovery is DENIED. However, Respondent will be allowed to request discovery at a later date.[2]

IT IS SO ORDERED this 13th day of February 2006.

          /S/ Harry F. Barnes
          HARRY F. BARNES
          United States District Judge

---

[2] The Court recognizes that Respondent's discovery request was prematurely made due to the Court's November 22, 2005 scheduling order (Doc.59).

4