```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       TEXARKANA DIVISION

ANDREW SASSER                                           PETITIONER

        V.                   Civil No. 00-4036

LARRY NORRIS, Director of
Arkansas Department of Corrections                      RESPONDENT
```

## MEMORANDUM OPINION AND ORDER

Currently before this Court are Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 73), Respondent's Response (Doc. 76), and Petitioner's Reply (Doc. 79). Respondent opposes the motion, contending the 28 U.S.C. § 2244 does not permit Petitioner's Rule 59(e) motion, and if the motion is permitted, Petitioner has failed to show that the judgment was clearly erroneous and would work a manifest injustice. (Doc. 76.) The Court finds that these matters are ripe for consideration. For the reasons stated in this Order, Petitioner's motion (Doc. 73) is hereby **DENIED**.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks and additional citation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* In a habeas action, a Petitioner may not use a Rule 59(e) motion to file

what in reality is a second or successive petition without proper authorization. *United States v. Lambros*, 404 F.3d 1034, 1036, 1037 (8th Cir. 2005), *cert. denied*, 516 U.S. 1135 (2005) (finding that the petitioner's Rule 59(e) motion "sought ultimately to resurrect the denial of his earlier § 2255 motion" and upheld the district court's dismissal, as the motion was properly construed as an effort to file a successive motion for postconviction relief).

## I. EVIDENTIARY HEARING

Petitioner contends the Court wrongly applied 28 U.S.C. 2254(e)(2) when it decided not to order an evidentiary hearing. Petitioner argues that 2254(e)(2) was not applicable because Petitioner did not fail to develop the factual basis for his claim in State court, as required by the statute (as the basis for the claim was not available to him until after his State court proceedings had fully concluded). (Doc. 73, p. 35.)

We find that Petitioner did fail to develop the factual basis for his mental retardation claim in State Court. There was a lack of diligence on Petitioner's part in developing the facts of his mental retardation claim, as a State statute, Ark. Code. Ann § 5-4-618, that protected mentally retarded persons from execution existed at the time of Petitioner's State trial and Petitioner failed to assert the State protections. *See Williams v. Taylor*, 529 U.S. 420, (2000) (holding that 28 U.S.C. § 2254(e)(2) is applicable to situations where a petitioner lacked diligence, or some greater

2

fault, in developing the facts of his claim in State court).

At the time of Petitioner's trial, Arkansas had a statute that provided an avenue for Petitioner to assert that he was mentally retarded.  *See* Ark. Code Ann. § 5-4-618.  The Arkansas statute clearly set out the requirements for a criminal defendant in a capital case to show that he is mentally retarded; thus, making him ineligible for the death penalty.  Petitioner did not take advantage of the Arkansas statute.  It appears that the Arkansas statute complies with providing the protections required by *Atkins v. Virginia*, 536 U.S. 304 (2002) (finding that it is unconstitutional to execute a person who is mentally retardad).  Therefore, even if *Atkins* is a new rule of constitutional law, the rule of *Atkins* was not "previously unavailable" to Petitioner.  *See* 28 U.S.C. § 2254(e)(2)(A)(i).

Even if we were to find that the mental retardation claim was not "previously unavailable," we would find that Petitioner failed to meet the requirements of 28 U.S.C. § 2254(e)(2)(B).  Petitioner's conclusory allegations and provisional conclusions, contained in an affidavit (Doc. 58), even if proven, would not be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have given Petitioner a sentence of death.  *See* 28 U.S.C. § 2254(e)(2)(B); *see also*, *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987), *cert. denied*, 484 U.S. 1074 (1988) (holding that "[m]ere conclusory

3

allegations will not suffice" to warrant relief or even an evidentiary hearing). We found that many of the alleged facts were not proven; such as Petitioner's claim that the supporting affidavit, Doc. 58, "confirmed" Petitioner's mental retardation (Doc. 48, p. 8), when in actuality the affidavit contained several conclusory allegations and expressed the opinion that Petitioner's background *suggests* that Petitioner "may be mentally retarded" (Doc. 58, para. 12).[1]

More importantly, the affidavit itself states that the

---

[1] Examples of allegations contained in the affidavit are:
    The affidavit states that Petitioner's intelligence quotient (IQ) of 79, while taking into account the five-point margin of error, may place him cognitively in the range of mental retardation. To be presumed mentally retarded in Arkansas, one must have an IQ of 65 or lower. Ark. Code Ann. § 5-4-618. Even with a five-point margin of error, Petitioner does not have low enough of an IQ to be presumed mentally retarded.
    The affidavit also contained several different accounts by Petitioner's family members, however, no affidavit from the family members or any other form of evidence regarding the family member's recollections were offered. An unidentified brother of Petitioner stated that Petitioner never took the written test to obtain a learner's permit to drive a car and never received a driver's license. The brother stated he didn't think Petitioner could pass the test. There were also statements that Petitioner never attempted to rent or buy a home, or paid any utilities, phone or other bills associated with independent living. Also, the affidavit discussed Petitioner's work history, which consisted largely of manual labor jobs, which was inconsistent with the sort of employment his siblings have (consistent employment at the same company for many years, one being a preacher). The affidavit described an event where Petitioner stated he was leaving home to join the Army, but was later found to have been living in an abandoned truck in a wooded area. There was no supportive evidence to support any of these statements. There was also information that Petitioner lived with his mother and his cousins, and he never attempted to obtain or manage a checking account. Again, no supporting evidence was offered regarding these statements.
    The affidavit stated that Petitioner received a Certificate of Attendance instead of a high school diploma. Petitioner's childhood friend described Petitioner as the "class clown" in elementary school and pondered why, if Petitioner wasn't in the same classes as he, was Petitioner not in special education classes, since he received a Certificate of Attendance. These statements, again are not supported by any additional evidence. Furthermore, the statement by the friend alludes to special education classes being offered at Petitioner's school, yet Petitioner was not enrolled in these classes; thus, leading one to believe that Petitioner was not regarded as mentally retarded during his formative years.

4

AO72A
(Rev. 8/82)

conclusions contained were only provisional and that "it is imperative that a complete psychosocial history and thorough evaluation by a medical doctor or professional qualified by an appropriate licensing board to evaluate developmental disabilities be conducted." (Doc. 58, para. 12.)

At least by September 3, 2004, Petitioner's counsel were aware that additional evidence was needed. *See* Doc. 48, p. 5, Second Supplemental and Amended Petition (Petitioner stated that the filing of the petition did not waive "any additional time that Mr. Sasser needs to complete the investigation and preparation of a complete social history and otherwise be in a position to determine what if any additional testing and/or evaluation may be necessary."). Arguably, Petitioner's counsel were aware of the need for a complete psychosocial history and thorough evaluation as early as May 25, 2003, the day the affidavit (Doc. 58) was sworn to and subscribed. Petitioner has had over two years in which to complete the social history and to request access for the purpose of evaluation.

We find that the affidavit was provisional, consisting of many conclusory allegations, and further evidence was needed to warrant relief or even an evidentiary hearing. An evidentiary hearing was not ordered due to Petitioner's failure to allege sufficient facts to warrant an evidentiary hearing. We cannot find that there is reason to believe Petitioner can show by clear and convincing evidence that he is mentally retarded. Therefore, pursuant to 28

5

U.S.C. § 2254(e)(2)(B), we may not hold an evidentiary hearing.

Furthermore, we find that, absent § 2254(e)(2), no error was made in denying Petitioner's request for an evidentiary hearing. The Court would not have been assisted by an evidentiary hearing. *See Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004) ("[T]he court may deny an evidentiary hearing if such a hearing would not assist in resolving the petitioner's claim.... [E]ven if the facts [the petitioner] seeks to prove are true, if those facts would not entitle him to relief... then the District Court did not abuse its discretion in denying [the petitioner's] request for an evidentiary hearing.") If Petitioner's alleged facts were proved, they did not amount to a showing that Petitioner is entitled to habeas relief. We are not persuaded by Petitioner's argument that we should have granted an evidentiary hearing; nor are we convinced that any error occurred regarding the decision not to order an evidentiary hearing.

## II.  REMAINING CLAIMS[2]

Petitioner also claims that his mental retardation claim is not subject to dismissal on grounds of procedural default and if it was defaulted, he can show cause and prejudice excusing the default or that the miscarriage of justice exception applies. Additionally,

---

[2]Because Petitioner has failed to present arguments necessitating we revisit his claims, we do not reach the question of whether this part of the motion is a successive petition under *United States v. Lambros*, or is a proper Rule 59(e) motion under a rule analogous to that which was presented in *Gonzales v. Crosby*, 545 U.S. 524 (2005) (explaining that a Rule 60(b) motion attacking a previous ruling which precluded a determination on the merits was a proper motion, unlike an attack on a ruling made on the merits - which would be construed as a successive petition).

Petitioner claims that his trial counsel's failure to investigate and present evidence of his mental retardation at trial was constitutionally ineffective assistance of counsel and Petitioner's failure to previously present Claims X (ineffective assistance of counsel in failing to investigate and present evidence of mental retardation), XI (competency to stand trial), and XII (ability to knowingly and intelligently waive the right to remain silent) should be excused as he can show cause and prejudice for the omissions. (Doc. 73.)

Petitioner raises various arguments in support of the above claims, specifically arguing that the claims were not procedurally defaulted, and if they had been, they meet the requirements of excuse or the miscarriage of justice exception applies. The arguments presented are reiterations of arguments Petitioner previously made in support of his habeas petition. Relief is not warranted as we have fully considered and rejected these arguments during our resolution of Petitioner's successive habeas petition (Doc. 48). *See Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006) ("A *Rule 59(e)* motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.") (additional citation omitted); *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) (explaining that "the function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters"). Moreover, Petitioner has failed to

7

**AO72A**
**(Rev. 8/82)**

present anything that necessitates we revisit these claims, such as showing manifest errors of law or fact, or providing newly discovered evidence.

### III.  CONCLUSION

In light of the above findings, the Court finds that Petitioner's Rule 59(e) motion (Doc. 73) should be and hereby is **DENIED**.

IT IS SO ORDERED this 18th day of April 2007.

/S/ Harry F. Barnes
Harry F. Barnes
United States District Judge