IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER                                                                             PETITIONER

V.                          CASE NO. 00-4036

RAY HOBBS, Director,
Arkansas Department of
Correction                                                          RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are the Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), ECF No. 164; Respondent's Response in Opposition, ECF No. 165; and Petitioner's Reply, ECF No. 168. Petitioner seeks to have this Court Alter or Amend the Judgment for various reasons as set forth below, and to grant habeas relief for the Petitioner. Respondent opposes the motion, contending that Petitioner has failed to show that the judgment was clearly erroneous and would work a manifest injustice. ECF No. 165. The Court finds that these matters are ripe for consideration. For the reasons stated in this Order, Petitioner's motion, ECF No. 164, is hereby **DENIED**.

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation and citation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or

raised prior to entry of judgment." *Id.* In a habeas action, a Petitioner may not use a Rule 59(e) motion to file what in reality is a second or successive petition without proper authorization. *United States v. Lambros*, 404 F.3d 1034, 1036, 1037 (8th Cir. 2005), *cert. denied*, 516 U.S. 1135 (2005) (finding that the petitioner's Rule 59(e) motion "sought ultimately to resurrect the denial of his earlier § 2255 motion" and upheld the district court's dismissal, as the motion was properly construed as an effort to file a successive motion for postconviction relief).

This Court concludes that 1) there has been no intervening change in controlling law; 2) Petitioner has not established the availability of new evidence that was not available previously; and 3) there was no clear error of law or manifest injustice in denying Petitioner's request for a writ of habeas corpus.

The Court will consider Petitioner's Motion to Amend or Alter the Judgment relative to each argument set forth in his motion.

**I.   Argument I:    The Court has erroneously limited the reach of *Atkins v. Virginia*,**
**and**
**     Argument II:   The Court selectively utilizes Arkansas' Mental Retardation Statute.**

Petitioner argues that this Court erroneously limited the reach of *Atkins v. Virginia*, 536 U.S. 304 (2002), to only prohibiting the execution of a person who is mentally retarded at the time of execution. Petitioner, in his second argument, makes a similar contention regarding Arkansas' mental retardation statute.

It is Petitioner's position that the Court failed to consider whether Petitioner was mentally retarded at the time he committed capital murder, as required by both the Arkansas statute and *Atkins* itself.

This Court, in response to Petitioner's contention in his post-hearing brief, that Arkansas law was *only* concerned with Petitioner's possible mental retardation at the time of the offense and therefore only the IQ score most contemporaneous to the crime was relevant, did reason that *Atkins* would also prevent the execution of a person who was mentally retarded at the time of execution, regardless of that persons' mental state at the time of the crime, therefore making Petitioner's more recent IQ scores also relevant. ECF No. 163. Evidence presented at the evidentiary hearing also established that IQ scores remain somewhat constant throughout one's adult life, and although not contemporaneous with the crime, more recent scores could provide an important piece of the overall understanding of an individual's intellectual functioning. *See* ECF No. 157.

For those reasons, this Court considered the most recent IQ examination given to Petitioner, although Petitioner argued that score should be irrelevant to the Court's decision in this matter. *Id.* However, this Court also considered the IQ examination given to Petitioner most contemporaneous to the offense, finding that score also failed to meet the preponderance of evidence standard in establishing "significantly subaverage intellectual functioning."

-3-

*Id.*

A plain reading of the opinion from this Court makes it clear the Court never limited *Atkins* or the Arkansas statute, either expressly or implicitly, to mental retardation as it may have existed at a single point in time – be it contemporaneous with execution or with the offense.  In fact, the Court specifically reviewed the importance of the data available relative to the time of the crime *and* the data available closer to the current date.  *See* ECF No. 163, n. 14.  Petitioner's selective reconstruction of statements made by this Court in evaluating Petitioner's own arguments creates no manifest error of law or fact.  Accordingly, this Court finds no basis for Petitioner's contention of error on these points.

**II. Argument III:   Mr. Sasser established by a preponderance of the evidence that at the time of the capital homicide he met the statutory criteria in Arkansas for an individual with mental retardation.**

Petitioner contends this Court incorrectly dismissed Petitioner's 1994 IQ score by not finding it to be "determinative" of the issue before the Court and by not considering the Flynn Effect.  This Court, again, clearly gave full consideration to the 1994 score, and gave consideration to the Flynn Effect to the extent required.

In its Order, this Court made clear that the application of the Flynn Effect was irrelevant to this matter, because even if applied by this Court it did not cause Petitioner to exhibit an IQ score of

70 or below by a preponderance of the evidence. The Arkansas statutory scheme requires "significantly subaverage intellectual functioning," which is a score of 70 or below. As set forth in the Court's Order, the evidence presented to the Court was that Petitioner may have, in 1994, achieved a score which would include in its statistical range a score of 70, if the Flynn Effect was applied. However, there was no evidence that the 70 included in the range of possible scores of IQ was any more or less likely than any other score in the same range.

Petitioner goes on to argue that the Arkansas statute would allow for a combination of an IQ score in a range of 71-75 accompanied by adaptive deficits to show mental retardation. However, the Arkansas Supreme Court, while never expressly stating a "cut off score" exists, has not favored the recognition of, and does not appear to recognize, a score in the range of 71-75 to establish its requirement of "significantly subaverage general intellectual functioning." *See e.g., Engram v. State*, 200 S.W.3d 367, 373 n.3 (2004); *Miller v. State*, ___ S.W.3d ___, 2010 WL 129708, *6-7 (Ark. Jan 7, 2010). Indeed, Petitioner's expert and the leading literature in this area uses the phrase employed in the Arkansas statutory scheme of "significantly subaverage general intellectual functioning" to specifically reference a score of 70. Thus, there is no manifest error to warrant the judgment to be altered or amended at this time.

AO72A
(Rev. 8/82)

Additionally, the arguments presented are reiterations of arguments Petitioner previously made, or could have made, in support of his habeas petition. *See Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006) ("A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.") (additional citation omitted); *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) (explaining that "the function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters").

## III. CONCLUSION

In light of the above findings, the Court finds that Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), ECF No. 164, should be and hereby is **DENIED**.

**IT IS SO ORDERED this 7th day of September 2011.**

                                          /S/ Jimm Larry Hendren
                                          Hon. Jimm Larry Hendren
                                          Chief United States District Judge

AO72A (Rev. 8/82)