IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER                                                    PETITIONER

V.                              Case No. 4:00-cv-04036

WENDY KELLEY, Director,
Arkansas Department of Corrections                               RESPONDENT

## ORDER

Currently before the Court are Petitioner Andrew Sasser's motion for leave to file a third

amended petition (Doc. 185), Sasser's motion for discovery (Doc. 188), and Sasser's motion for

resolution of the intellectual disability issue prior to an evidentiary hearing (Doc. 196).

Respondent Wendy Kelley[1] has filed a response in opposition to all motions (Docs. 190, 192, 197).

Sasser filed a reply in support of his motion for leave to amend (Doc. 191) and in support of his

motion for discovery (Doc. 193).

The Eighth Circuit issued a mandate (Doc. 180) on March 20, 2014, affirming in part and

reversing in part the previous judgments of the Court and remanding to this Court for proceedings

consistent with the Eighth Circuit's opinion.  Specifically the Eighth Circuit held as follows: (1)

affirmed dismissal of Sasser's claims "with the exception of his *Atkins*[2] claim and the four

ineffective-assistance claims meriting a hearing under *Trevino*;"[3] (2) vacated both denial of relief

---

[1] Wendy Kelley was officially named the Director of the Arkansas Department of Corrections on January 13, 2015.  As Ray Hobbs's successor in office, Ms. Kelley is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk of the Court is directed to amend the docket sheet accordingly.

[2] *Atkins v. Virginia*, 536 U.S. 304 (2002).

[3] *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

on the four ineffective-assistance-of-counsel claims and the Court's "finding that Sasser is not mentally retarded under *Atkins*;" (3) reversed "the Court's denial of a[n evidentiary] hearing on the four potentially meritorious ineffective assistance claims;" and (4) remanded for further proceedings including an evidentiary hearing on the ineffective assistance claims and "a new *Atkins* finding under the appropriate standard." *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013).

Upon remand, the case was reassigned to the undersigned. After reviewing the Eighth Circuit's order, the Court set this matter for an evidentiary hearing to begin on January 20, 2015. The parties were also directed to brief Sasser's *Atkins* claim in light of the Eighth Circuit's opinion. The *Atkins* issue has been fully briefed as of December 17, 2014. The evidentiary hearing, however, was cancelled to be rescheduled after resolution of Sasser's pending motions. The Court will address each motion in turn.

## I.      Motion for Leave to Amend

Sasser requests leave to amend his petition pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Sasser argues "[j]ustice requires amendment because the Eighth Circuit remanded this case to this Court to resolve issues of fact," and "[a]n amended petition setting out the facts that Mr. Sasser will show at the . . . hearing will not only guide the Court in its determination of the merits it will also provide notice to the Respondent of what Mr. Sasser intends to prove at the evidentiary hearing." (Doc. 185, ¶ 2). Although previous petitions by Mr. Sasser have been relatively short, Sasser's proposed third amended petition is over eighty pages. The proposed third amended petition also appears to advance new substantive claims that Sasser is precluded from bringing, as the Court is limited to consideration of only the four ineffective-assistance claims and

the *Atkins* claim remanded by the Eighth Circuit.  *See Sasser v. Norris*, 553 F.3d 1121, 1128 (8th Cir. 2009) (on the second appeal of this case noting that where the Eighth Circuit, on the first appeal, had "expressly limited the district court to consideration of *one issue*" the Court was "impliedly prohibited" from considering any other issue).

To the extent Sasser seeks only to plead additional facts in support of the claims falling within the scope of the remand, the Court sees no need for additional pleading in the form of an amended petition.  Once an evidentiary hearing is reset, the parties will be given an opportunity to file prehearing disclosure sheets as well as prehearing briefs setting out proposed findings of fact and conclusions of law.  (*See* Doc. 182, p. 3).

## II.     Motion for Discovery

Sasser moves for leave to conduct discovery, specifically seeking the following:

- •    The complete institutional file of Andrew Sasser, SK#929, including, but not limited to visitation logs, behavioral reports, inmate grievances, classification documents, and medical and mental health records.  This includes all electronically maintained information, including EOMIS records.

- •    Any and all records, of any nature, in the possession of the Arkansas Parole Board concerning Sasser.

(Doc. 188, pp. 3 and 7).  Kelley opposes Sasser's motion.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rule 6(a) of the Rules Governing Section 2254 Cases ("Rule 6").  "The 'good cause' that authorizes discovery under Rule 6(a) requires a

showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909).  The petitioner argues that good cause exists for the requested discovery because it is relevant and necessary to support his claims of ineffective assistance of counsel, particularly the claim that Sasser's trial counsel ineffectively failed to prepare for the sentencing phase of the trial.  Sasser argues that his trial counsel should have inspected these records for mitigating evidence.

Kelley argues that discovery is not warranted; that the discovery request is duplicative, as Sasser's counsel was previously allowed access to Sasser's prison file in 2010; alternatively, that the request for discovery is premature prior to the Court deciding whether the remanded ineffective-assistance claims were procedurally defaulted; and, alternatively, that Sasser's discovery requests are not appropriately limited in time or scope.

It is hard for this Court to find that discovery is not warranted in this case, where it was previously ordered (Doc. 138) albeit in a different procedural and substantive context. The current motion is raised at a time when this case has been ongoing for fifteen years and survived to be remanded after three appeals.  The Court is also ever cognizant of the fact that this is a case in which the petitioner faces the death penalty.  Where a question of discovery is left to the discretion of the Court, a man's life must weigh more heavily than relatively trivial or technical concerns of a respondent.   In this case, given the protracted nature of the litigation and the high stakes involved, it would seem most prudent to allow Sasser's requested discovery.  In any event, the Court agrees that Sasser has shown good cause for the Court to allow his requested discovery to proceed.

Addressing Kelley's objections, the Court finds that the requested discovery is relevant to the issue on remand as to whether Sasser's counsel was ineffective at sentencing. The Court does not find that Sasser's request for production of his prison file should be denied as duplicative of the request that was previously granted in 2010. Sasser's counsel could not have been expected to review Sasser's file in 2010 with prescient awareness of claims that would be remanded for consideration four years later. It is not unduly burdensome for either the Arkansas Department of Corrections or the Arkansas Parole Board to produce or allow review of Sasser's files. The request is not premature, as the Eighth Circuit has stated that even questions of procedural default will necessitate a hearing, which "will necessarily address the underlying merits of the four [ineffective-assistance] claims because, unless postconviction counsel's failure to raise a claim was prejudicial, the claim remains procedurally barred despite *Trevino*." *Sasser v. Hobbs*, 743 F.3d 1151, 1151 (8th Cir. 2014) (denying rehearing en banc). The records requested by Sasser will be relevant to showing prejudice, an issue that must be considered even as to the threshold matter of procedural default.

However, the Court agrees with Kelley that the requests are not appropriately limited in time. Sasser has not, at this time, shown good cause for why all records should be produced up to the present date. All ineffective-assistance claims to be heard by the Court on remand relate to Sasser's sentencing. Any *Trevino* procedural-default consideration of whether postconviction counsel was ineffective would also be limited to postconviction counsel's alleged failures to investigate trial counsel's failure to investigate relevant records prior to sentencing. The Court will therefore order the Arkansas Department of Corrections and the Arkansas Board of Parole to produce Sasser's requested documents from prior to the time of the entry of his judgment and

commitment order on May 4, 1994.  If Sasser believes later dated documents are relevant to his claims, he may file a separate motion showing good cause for the production of those documents specifically.

### III.    Motion to Resolve Intellectual Disability Issue

Sasser requests the Court to resolve the issue of whether he is intellectually disabled before holding an evidentiary hearing on the ineffective-assistance claims.  Sasser argues that, if the Court finds that Sasser is intellectually disabled, there might be no need to hold "the more costly and time consuming hearing on the merits of the ineffective assistance of counsel claims." (Doc. 196, ¶ 2).  Kelley objects to this approach.  Kelley's position is that no evidentiary hearing is necessary on the ineffective-assistance claims, and so such claims should be considered together with the *Atkins* claims as the Court's docket allows.  While the Court cannot find at this time that no hearing on the ineffective-counsel claims is necessary for the reasons advanced by either side, the Court does agree with Kelley that it is not necessary to delay consideration of the ineffective-assistance claims in order for the Court to consider the *Atkins* claim.

The Court is aware that the *Atkins* claim has been briefed and is ripe for consideration.  The Court will rule on that issue as its docket allows without regard for whether or not the ineffective-assistance claims have also ripened.  The Court will therefore deny Sasser's motion insofar as it seeks to bind the Court to decide the *Atkins* claim before consideration of the ineffective-assistance claims.

### IV.    Conclusion

For all of the reasons set forth above, IT IS ORDERED that Sasser's motion for leave to file a third amended petition (Doc. 185) is DENIED.

IT IS FURTHER ORDERED that Sasser's motion for discovery (Doc. 188) is GRANTED.

A separate order will be entered directing the Arkansas Department of Corrections and the

Arkansas Board of Parole to produce the requested documents.

IT IS FURTHER ORDERED that Sasser's motion to resolve issue of intellectual disability

prior to evidentiary hearing (Doc. 196) is DENIED.

A hearing on the ineffective-assistance-of-counsel claims will be reset by separate order.

IT IS SO ORDERED this 3rd day of March, 2015.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE