IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER                                                           PETITIONER

v.                               CIVIL NO. 4:00-cv-04036

WENDY KELLEY, Director
Arkansas Department of Corrections                            RESPONDENT

## **AMENDED ORDER**[1]

Currently before the Court is Petitioner's motion and supporting brief for an expedited order directing Petitioner's expert, Dr. Dale Watson, to disclose to counsel for both parties the raw data underlying his psychological evaluation of Mr. Sasser (Doc. 206) and the Respondent's response (Doc. 210) stating that Respondent does not oppose Mr. Sasser's motion.

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, Dale Watson, Ph.D., must disclose a report of his evaluation of Mr. Sasser, including the facts or data considered in the evaluation. Due to the ethical rules of Dr. Watson's profession, Dr. Watson believes he may only disclose the raw data underlying his psychological testing of Petitioner to another psychologist, rather than to both parties as is required under Rule 26 of the Federal Rules of Civil Procedure.

Petitioner advises in the instant motion that a court order specifically directing Dr. Watson to disclose his raw data to counsel would resolve the apparent conflict between the expert's professional rules and the rules of procedure governing in this case. *See also*, *Taylor v. Erna*, 2009 WL 2425839 (D. Mass. Aug. 3, 2009)(discussing cases and ordering disclosures with requested protective order).

---

[1] This order amends the order (Doc. 211) entered by the Court on September 1, 2015.

Accordingly, it is **ORDERED** that Petitioner's motion for disclosure (Doc. 206) is GRANTED, and Dr. Dale Watson is directed to disclose the raw data underlying his psychological testing of Petitioner, Andrew Sasser, to counsel for both parties despite any ethical constraints to the contrary that may be imposed by his profession.

The Court further orders that any materials or data disclosed by Dr. Watson pursuant to Rule 26(a)(2)(B) be kept confidential by the parties and their experts; the information disclosed pursuant to this order may be used by the parties, counsel, and their experts—and, to the extent necessary, by paralegals, assistants, and other personnel working under the supervision of counsel or the parties' experts—only for purposes of this litigation, unless and until the Court orders otherwise.

IT IS SO ORDERED this 2nd day of September, 2015.

　　　　　　　　　　　　　　　　　　　　　　/s/ P. K. Holmes, III
　　　　　　　　　　　　　　　　　　　　　　P.K. HOLMES, III
　　　　　　　　　　　　　　　　　　　　　　CHIEF U.S. DISTRICT JUDGE