IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER                                                           PETITIONER

V.                                        CIVIL NO. 00-4036

WENDY KELLEY, Director
Arkansas Department of Corrections                                     RESPONDENT

## ORDER

The above referenced matter came before the Court on Monday, February 1, 2016, for a pre-hearing conference.  During the conference, the Court took up the pre-trial motions and ordered as follows[1]:

\*        Petitioner's Motion to Settle the Record (Doc. 221) is **denied**.  The Court finds no proof that the witness declarations were accepted as substantive testimony in the previous *Atkins* hearing.  The Respondent is further entitled to cross-examination of those witnesses.

\*        Respondent's Motion in Limine (Doc. 234) seeking to preclude the testimony of Carmalita Williams is **granted**.  Any subpoena issued to Ms. Williams in accordance with this Court's previous Opinion and Order (Doc. 242) approving the issuance of a subpoena for Ms. Williams should be recalled.

\*        Respondent's Motion for Leave to Take Testimony by Video Deposition (Doc. 241) is **denied**.  The testimony of Charles Potter is critical to the central issues before the Court, and the Court has moved the hearing to Texarkana, where Mr. Potter lives.  Any difficulty Mr. Potter might have in getting to the courthouse in Texarkana to testify pursuant to subpoena should be minimal.

---

[1] To the extent that this order conflicts with any oral pronouncement at the pre-trial conference, the findings in this order are the final and binding findings of the Court in the current matter.

* Respondent's Motion in Limine to Prohibit Testimony of Mark Bezy (Doc. 243) is **denied**. The Court will allow the testimony of Mr. Bezy to the extent that it is helpful and not redundant.

* Respondent's Motion in Limine to Exclude Testimony of Jackie Carter (Doc. 246) is **denied**. The Court will allow the testimony of Ms. Carter to the extent that it is relevant and admissible.

* Petitioner's Motion in Limine (Doc. 248) concerning the testimony of Roger Moore is **denied**. The Court will allow the testimony of Mr. Moore to the extent that it is relevant to the issues currently before the Court.

* Respondent's Motion in Limine to Prohibit Testimony of Richard Burr (Doc. 250) is **denied**. The Court will allow the testimony of Mr. Burr to the extent that it concerns the prevailing professional norms at the time(s) in question.

* Respondent's Motion in Limine to Prohibit Evidence of Administrative Licensure Proceedings Pertaining to Mary Pat Carlson (Doc. 251) is **denied**. The Court will allow the admission of evidence concerning the Ms. Carlson's professional file and any licensure proceedings to the extent that it is relevant and admissible.

IT IS SO ORDERED this 2nd day of February, 2016.

*s/P. K. Holmes,* III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE