UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER                                                                                    PETITIONER

v.                                            No. 4:00-CV-04036

WENDY KELLEY, Director,
Arkansas Department of Correction                                                            RESPONDENT

# ORDER

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Some courts have treated this Rule as applicable to final orders that are partially adverse to an applicant. *See, e.g.*, *Laureano-Pérez v. United States*, Civil No. 16-2688 (ADC), 2017 WL 1417188, *3 (D.P.R. Apr. 19, 2017); *Gatlin v. United States*, Cr. No. 4:10-203, 2012 WL 4473116, *9 (D.S.C. Sept. 26, 2012). This Court's order (Doc. 284) is partially adverse to Petitioner Andrew Sasser because while it granted his petition on the basis of his Sixth Amendment right to effective assistance of counsel, it denied his petition on the basis of his Eighth Amendment right to be free from cruel and unusual punishment. Therefore, the Court will address whether a certificate of appealability should issue as to the denial of Sasser's petition on the basis of his Eighth Amendment claim.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norri*, 133 F.3d 565, 569 (8th Cir. 1997).

In support of Sasser's claim that, following *Atkins v. Virginia*, 536 U.S. 304 (2002), the Eighth Amendment prohibits his execution on account of his intellectual disability, Sasser argued that the Court must be informed by the updated diagnostic framework for intellectual disability set out in the Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013) (*hereinafter* "*DSM-V*"). The Court relied instead on the evidence and experts from the 2010 hearing, and used the diagnostic framework for mental retardation set out in the Diagnostic and Statistical Manual of Mental Disorders (4th ed., Text Revision 2000) (*hereinafter* "*DSM-IV-TR*"). Consequently, the Court did not hold a new hearing on whether Sasser had an intellectual disability as that term is defined by the *DSM-V*.

The Court has reviewed the Supreme Court's decision in *Moore v. Texas*, 581 U.S.--, 137 S.Ct. 1039 (2017), and addressed that precedent in the memorandum opinion on the *Atkins* claim. (Doc. 283). In that memorandum opinion, the Court found that applying the *DSM-V* diagnostic framework would be no different from applying the *DSM-IV-TR* diagnostic framework. The Court found that the intellectual functioning prong of the Arkansas standard and the *DSM-IV-TR* diagnostic framework for mental retardation, as interpreted by the Eighth Circuit in *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013), conforms with the intellectual functioning criterion in the *DSM-V* diagnostic framework for intellectual disability. On the basis of Sasser's expert's 2010 testimony that the adaptive functioning criterion now used in the *DSM-V* diagnostic framework was "basically the same" as the adaptive functioning prong of the Arkansas standard and *DSM-IV-TR* diagnostic framework, the Court also found no relevant difference in the *DSM-V* and *DSM-IV-TR* diagnostic frameworks. As a result, it is immaterial which diagnostic framework the Court used. The Court believes no reasonable jurist could debate this finding. The Court further believes no reasonable jurist could debate the Court's finding Sasser failed to prove he met the

Arkansas standard for mental retardation at the time he committed the crime. Accordingly, no certificate of appealability should issue.

IT IS SO ORDERED this 2nd day of March, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE