IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREW SASSER PETITIONER

v. Case No. 4:00-cv-4036

DEXTER PAYNE, Director, Arkansas
Division of Correction RESPONDENT

**ORDER**

Before the Court is Petitioner Andrew Sasser's ("Sasser") Motion for Relief from Judgment. ECF No. 314. Respondent Dexter Payne has filed a Response. ECF No. 321. Sasser has filed a Reply. ECF No. 326. The Court finds the matter ripe for consideration.

## I. BACKGROUND

The relevant history of this matter spans more than thirty years. On May 4, 1994, a jury sitting in the Miller County, Arkansas Circuit Court found Sasser guilty of capital felony murder and sentenced him to death. *See Sasser v. State*, 902 S.W.2d 773, 774–77 (Ark. 1995). The Arkansas Supreme Court subsequently affirmed Sasser's conviction and sentence on direct appeal. *See id.* at 778–79. Sasser then sought postconviction relief through a petition pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 Petition") that asserted various grounds for relief, including ineffective assistance of counsel. *See Sasser v. State*, 993 S.W.2d 901, 903–12 (Ark. 1999). The Arkansas Supreme Court ultimately affirmed the lower court's denial of every ground for relief within Sasser's Rule 37 Petition. *See id.* at 912.

On July 7, 2000, Sasser filed his initial Petition for Writ of Habeas Corpus in this Court. ECF No. 1. On July 17, 2001, Sasser submitted his Amended Petition, which set forth numerous claims asserting that his conviction and sentence were unconstitutional. ECF No. 23. On May 28,

2002, the Court[1] dismissed the Amended Petition, finding that seven of the eight grounds were barred from review because Sasser failed to develop them at the state-court level and that Sasser had failed to show a deprivation of a constitutional right or a violation of clearly established federal law for the remaining ground. ECF No. 30. Sasser subsequently filed a Notice of Appeal (ECF No. 21) and a Motion for Certificate of Appealability ("COA") (ECF No. 32) seeking a COA for all grounds for relief in the Amended Petition. The Court granted Sasser's motion for a COA as to four of the grounds of the Amended Petition: (1) the Eighth and Fourteenth Amendment challenge regarding alleged improper jury instructions; (2) the Sixth and Fourteenth Amendment challenge regarding alleged ineffective assistance of counsel; (3) the Eighth Amendment challenge regarding jury oaths for the death penalty, and; (4) the Eighth Amendment challenge to Arkansas's death penalty statute. ECF No. 34.

On August 21, 2003, while those four grounds of the Amended Petition were on appeal, the Eighth Circuit granted Sasser's motion to remand made in response to the United States Supreme Court's ruling in *Atkins v. Virginia*, 536 U.S. 304 (2002). ECF No. 37. The Eighth Circuit specified that the issue on remand was limited to whether Sasser was mentally retarded and whether his execution would be unconstitutional in light of the holding in *Atkins*.[2] ECF No. 37. The Eighth Circuit later amended its remand order to clarify that the Court could address any questions regarding whether Sasser must exhaust any available state remedy for his *Atkins* claim before considering it on the merits. ECF No. 44. On October 4, 2004, Sasser filed his Second Amended Petition. ECF No. 48. The Second Amended Petition included the anticipated *Atkins* claim alleging that Sasser was mentally retarded (ECF No. 48, at 6–15), but also included three

[1] The Honorable Harry F. Barnes.

[2] *Atkins* held that the execution of mentally retarded offenders is barred by the Eighth Amendment's prohibition on cruel and unusual punishment. 536 U.S. at 320–21.

new grounds for relief—two of which alleged ineffective assistance of counsel (ECF No. 48, at 15–30).

On January 9, 2007, the Court denied Sasser's Amended Petition and Second Amended Petition. ECF Nos. 71 & 72. The Court determined that Sasser's *Atkins* claim was inexcusably procedurally defaulted and dismissed it with prejudice. ECF No. 71, at 8–15. As to the other grounds in the Second Amended Petition, the Court first noted that its ruling on the merits of the Amended Petition had yet to be disturbed by the Eighth Circuit and thus considered the Second Amended Petition a successive petition under 28 U.S.C. § 2244(b). ECF No. 71, at 4–5. Further noting that remand was granted to only consider the *Atkins* claim, the Court determined that the three new grounds for relief raised in the Second Amended Petition were "abusive" and consequently unreviewable because they could have been brought at the time of the original petition in 2000. ECF No. 71, at 15–18. The Court specifically noted that all facts alleged in support of the three claims should have been known to Sasser at the time he filed his initial petition. ECF No. 71, at 16. Lastly, the Court denied any attempt by Sasser to reassert the claims from his Amended Petition, finding that those claims had been adjudicated on the merits and were barred as successive. ECF No. 71, at 18–19.

Sasser appealed the Court's dismissal of his Second Amended Petition. ECF No. 81. On appeal, the Eighth Circuit reversed the Court's determination that the *Atkins* claim was procedurally barred. *Sasser v. Norris*, 553 F.3d 1121, 1124–27 (8th Cir. 2009) ("*Sasser I*"). However, the Eighth Circuit agreed with the Court that the other new claims put forth in the Second Amended Petition were not properly before the Court on the limited remand to consider the *Atkins* claim. *Id.* at 1127. The Eighth Circuit remanded with instructions to hold an evidentiary hearing on the *Atkins* claim and to reach a determination on the merits. *Id.* at 1128. The Eighth Circuit

also noted that if Sasser's *Atkins* claim returned on appeal, that claim would be consolidated with the claims from Sasser's Amended Petition that were awaiting appellate review. *Id.*

On November 3, 2010, the Court[3] denied Sasser's *Atkins* claim and reasserted dismissal of the Amended Petition. ECF No. 163. Sasser then appealed the denial of his *Atkins* claim. ECF No. 170. On appeal, the Eighth Circuit consolidated Sasser's appeal of his *Atkins* claim with his appeal of the dismissal of the Amended Petition. *Sasser v. Hobbs*, 735 F.3d 833, 835–36 (8th Cir. 2013) ("*Sasser II*"). The Eighth Circuit affirmed in part and reversed in part—first finding that the Court applied an incorrect legal standard to Sasser's *Atkins* claim. *Id.* at 842–50. Next, the Eighth Circuit determined that four ineffective-assistance claims tied to Sasser's sentencing should receive an evidentiary hearing pursuant to the then-recent decision by the Supreme Court in *Trevino v. Thaler*, 566 U.S. 413 (2013) to determine if ineffectiveness by Sasser's postconviction counsel caused those four claims to be procedurally defaulted.[4] *Id.* at 850–54. The Eighth Circuit defined those four ineffective-assistance claims (the "Remand Claims") as Sasser's trial counsel's failure to: (1) "[p]repare for the sentencing phase of the trial"; (2) [o]btain a timely psychological evaluation of Sasser"; (3) "[m]eaningfully consult with a mental health professional", and; (4) "[o]bject 'when the prosecutor misconstrued the mitigating evidence that the defense had presented concerning [Sasser's] mental impairment and lessened culpability' or to rebut that argument." *Id.* at 851. The Eighth Circuit directed that if, upon remand, the Court found that Sasser's postconviction counsel's ineffectiveness caused those four claims to be procedurally defaulted, it may reach the merits of those four claims.[5] *Id.* at 853–54. The Eight Circuit affirmed

[3] Upon remand from *Sasser I*, this matter was reassigned to the Honorable Jimm Larry Hendren.

[4] *Trevino* held that ineffective assistance of counsel during state postconviction proceedings may excuse a procedural default if state law operates in a manner that would otherwise prevent a prisoner from obtaining habeas review of a claim alleging ineffective assistance of trial counsel. 596 U.S. at 427–29.

[5] In denying Respondent's petition for a panel rehearing regarding the decision reached in *Sasser II*, the Eighth Circuit clarified that the merits of the Remand Claims must necessarily be considered because "unless postconviction

the dismissal of all other claims from the Amended Petition. *Id.* at 854–55.

Upon remand, Sasser sought to file a Third Amended Petition. ECF No. 185. The Court denied that request, determining that the addition of factual allegations was unnecessary in light of the impending evidentiary hearing and that the Court was precluded from considering new substantive claims Sasser was attempting to advance in the proposed amendment. ECF No. 198, at 2–3. On March 2, 2018, the Court[6] denied Sasser's *Atkins* claim but granted relief on two of the ineffective assistance Remand Claims. ECF Nos. 282 & 283. The Court determined that Remand Claims One and Four were procedurally barred. ECF No. 282, at 6–7, 13–14. As to Remand Claims Two and Three, the Court determined that Sasser's trial counsel was ineffective, that Sasser's postconviction counsel was ineffective for failing to raise these two claims in postconviction proceedings, that postconviction counsel's failures prejudiced Sasser, and thus any procedural default for these claims caused by Sasser's postconviction counsel is excused. ECF No. 282, at 14–28. For the *Atkins* claim, the Court determined that Sasser had not sufficiently demonstrated that he met the applicable legal standard for mental retardation. ECF No. 283, at 18–33. Therefore, the Court granted Sasser's Amended Petition as to Remand Claims Two and Three and vacated Sasser's death sentence. ECF No. 284. The parties cross-appealed the Court's ruling. ECF Nos. 289 & 296.

The Eighth Circuit affirmed the Court's finding in part and reversed in part. *Sasser v. Payne*, 999 F.3d 609 (8th Cir. 2021) ("*Sasser III*"). It affirmed the Court's denial and dismissal of Sasser's *Atkins* claim. *Id.* at 616–21. The resolution of Sasser's *Atkins* claim remains unchallenged in the instant motion.

---

counsel's failure to raise a claim was prejudicial, the claim remains procedurally barred despite *Trevino*." *Sasser v. Hobbs*, 743 F.3d 1151, 1151 (8th Cir. 2014) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

[6] After remand pursuant to Sasser II, this matter was reassigned to the Honorable P.K. Holmes, III.

As to Remand Claims Two and Three, the Eighth Circuit first noted that the "claims as developed on remand were different from those raised in the state postconviction proceeding." *Id.* at 613. After comparing the claim presented in Sasser's Amended Petition with those in his postconviction Rule 37 Petition, the Eighth Circuit found that Claims Two and Three were fairly presented during Sasser's state postconviction proceedings and then procedurally defaulted when Sasser declined to appeal their denial. *Id.* at 613–15. Thus, the "alleged ineffective assistance of postconviction counsel is not cause to excuse Sasser's procedural default." *Id.* at 616.

The Eighth Circuit explicitly rejected the manner in which the Court characterized Remand Claims Two and Three, finding that they were "not the claims that were pleaded in the [Amended Petition] and remanded by the panel in [*Sasser II*]." *Id*. at 615. The Eighth Circuit emphasized that the Remand Claims were those derived from the Amended Petition. *Id.* at 616. The Eight Circuit stated that "Sasser's effort to bring new ineffective-assistance claims on remand constituted an unauthorized second or successive habeas petition that should have been dismissed." *Id*. at 615 (citing 28 U.S.C. § 2244(b)(3)(A)). The Eighth Circuit then noted that the "claims considered by the district court on remand first appeared in Sasser's [Second Amended Petition], dated September 3, 2004." *Id.* Agreeing with the Court's earlier finding that the new claims in the Second Amended Petition should have been known to Sasser when he initially filed his petition, the Eighth Circuit determined that "Sasser's effort to revive these ineffective-assistance claims during the most recent remand functioned as a second or successive habeas petition and an abuse of the writ." *Id.* (citing ECF No. 71, at 18). Therefore, the Eighth Circuit reversed the grant of relief regarding Sasser's ineffective-assistance claims, affirmed the denial of the *Atkins* claim, and remanded with directions to dismiss the Amended Petition. *Id.* at 621.

Sasser then filed a petition for a writ of certiorari, which the Supreme Court denied. ECF

Nos. 306 & 307. On July 6, 2022, the Court adhered to the Eighth Circuit's directive and dismissed Sasser's habeas claims with prejudice. ECF No. 308.

On December 12, 2025, Sasser filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)[7] with an accompanying Brief in Support, requesting that the Court vacate its adoption of the Eighth Circuit's mandate from *Sasser III* and reinstate its prior order granting his request for habeas relief.[8] ECF Nos. 314 & 315. Sasser argues that recent Supreme Court rulings—namely *Rivers v. Guerrero*, 605 U.S. 443 (2025) and *BLOM Bank SAL v. Honickman*, 605 U.S. 204 (2025)—demonstrate that the Eighth Circuit clearly erred when it found that the Court did not have jurisdiction over the Sasser's habeas claims as developed upon remand.

## II. LEGAL STANDARD

A court "may relieve a party or its legal representative from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b). Rule 60(b) allows "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022). Those circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

[7] Moving forward, the Court will refer to any Federal Rule of Civil Procedure simply as a "Rule".
[8] After Sasser filed the instant motion, this matter was reassigned to the undersigned.

Fed. R. Civ. P. 60(b)(1)–(6). The "catchall" provision in Rule 60(b)(6) is available only if Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp*, 596 U.S. at 533.

Though Rule 60(b)(6) grants courts broad discretion, it may provide a basis for relief only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017). Such circumstances include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id.* Extraordinary circumstances justifying relief under Rule 60(b)(6) "rarely occur in the habeas context." *Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021). A Rule 60(b) motion may only attack "some defect in the integrity of the federal habeas proceeding" and "not the substance of the federal court's resolution of a claim on the merits[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

## III. DISCUSSION

The Court will first outline the broad principles governing a petition for a writ of habeas corpus before analyzing Sasser's request for relief.

### A. Habeas Petitions

District courts have the power to grant a writ of habeas corpus. 28 U.S.C. § 2241(a). A prisoner in state custody may request that a federal court order their release by petitioning for a writ of habeas corpus, but the court may issue the writ "only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[B]oth Congress and federal courts have set out strict rules requiring prisoners to raise all of their federal claims in state court before seeking federal relief." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022). Thus, a writ of habeas corpus shall not be granted unless the applicant "has exhausted the remedies available in the courts of the State" or there is not an available remedy in the state. 28 U.S.C. § 2254(b)(1).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction." *Banister v. Davis*, 590 U.S. 504, 507 (2020). "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed significant restrictions on second or successive state habeas corpus applications[.]" *Rouse*, 14 F.4th at 799. The AEDPA-amended habeas statutes, seen in 28 U.S.C. §§ 2244(b)(1)–(3), create three requirements for second or successive habeas petitions. *Gonzalez*, 545 U.S. at 529. "First, any claim that has already been adjudicated in a previous petition must be dismissed." *Id.* at 529–30 (citing 28 U.S.C. § 2244(b)(1)). "Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id.* at 530 (citing 28 U.S.C. § 2244(b)(2)) (emphasis in original). "Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Id.* (citing 28 U.S.C. § 2244(b)(3)).

"The phrase 'second or successive application,' on which all this rides, is a 'term of art,' which 'is not self-defining.'" *Banister*, 590 U.S. at 511 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). It does not simply refer to all habeas filings that are made successively in time following an initial application, such as an amended petition filed prior to a judgment or an appeal from a district court's judgment, as "[c]hronology here is by no means all." *Id.* at 511–12. A later-in-time filing may be a second or successive application if it would be considered "an abuse of the writ as that concept is explained in our [pre-AEDPA] cases." *Id*. "If so, it is successive; if not, likely not." *Id*. Further, whether a filing is a second or successive application is determined in light of AEDPA's purpose of conserving judicial resources, streamlining litigation into fewer filings, and giving finality to state court judgments in a reasonable timeframe. *Id*. Second-in-time

habeas filings may constitute a successive application in substance even if they are not labeled as such. *See Rivers*, 605 U.S. at 450–51.

**B. Sasser's Motion Pursuant to Rule 60(b)(6)**

Sasser argues that the Supreme Court's recent decisions in *Rivers* and *BLOM Bank* show that the Eighth Circuit in *Sasser III* erroneously determined that the claims for which the Court granted Sasser relief upon remand constituted an unauthorized successive petition. ECF No. 315, at 19–27.[9] Sasser asserts that *Rivers* confirmed that an amendment to a habeas petition which occurs prior to a final judgment on the petition is not a successive petition. Thus, Sasser contends that the Court's factual development of the Remand Claims was permissible and did not transform them into a successive petition. As to *BLOM Bank*, Sasser contends that the holding cemented the principle that the liberal standard for amending pleadings under Rule 15(a) applies once a judgment is vacated and a case is reopened. Taken together, Sasser asserts that those two rulings clearly show that his amendments and factual development of his claims upon remand from *Sasser II* were permissible and cannot be considered a successive petition subject to the requirements of 28 U.S.C. § 2244(b)(3) before being evaluated by the Court. Sasser suggests that the Eighth Circuit functionally punished him for factually developing his claims upon remand as it had directed. Sasser then argues that the Eighth Circuit's error constitutes extraordinary circumstances to vacate the dismissal of his petition because the jurisdictional mistake was substantial, significant judicial resources have already been expended, Respondent's reliance interest on the dismissal is minimal, and Sasser's death sentence—which this Court found unlawful upon evaluating the Remand Claims—remains in place. ECF No. 315, at 27–35.

In response, Respondent first argues that Sasser has failed to show that there have been any

[9] The Court notes that it cites to the page number of the ECF PDF document of the parties' filings, and not to the page number listed within the filings.

changes in law to justify vacating the prior dismissal of his Amended Petition. ECF No. 321, at 12–18. Respondent contends that the ruling in *Sasser I* confirmed that the claims Sasser attempted to add in his Second Amended Petition were improper and thus not available to put forward on remand from *Sasser III*. Respondent then asserts that *Rivers* and *BLOM Bank* simply cemented rules that the Eighth Circuit already applied. Respondent adds that *Rivers* and *BLOM Bank* did not put forth rules that precluded the Eighth Circuit in *Sasser III* from enforcing its mandate from *Sasser II*, which provided that only the four Remand Claims could be considered by the Court upon remand. Respondent then argues that regardless of any subsequent changes in the law that could impact the outcome of this case, the circumstances do not rise to the level of extraordinary as required under Rule 60(b)(6). ECF No. 321, at 19–24. Respondent asserts that the Court is not in a position to disregard the mandate in *Sasser III*. Respondent also contends that the Supreme Court's later decision in *Shinn v. Ramirez*, 596 U.S. 366 (2022) demonstrates that *Sasser II* erred when it directed further factual development regarding whether any procedural default of the Remand Claims could be excused by ineffective assistance of Sasser's postconviction counsel.[10] Lastly, Respondent asserts that Arkansas has a strong interest in seeing Sasser's sentence carried out.

In reply, Sasser first reasserts his argument that *Rivers* and *BLOM Bank* demonstrate that the Court was not barred from considering the winning claims upon remand from *Sasser II* because there was no final judgment in place. ECF No. 326, at 2–10. Sasser asserts that these new legal principles cannot be ignored under a simple mandate-policing rationalization. Sasser then disputes that the ruling in *Ramirez* demonstrates that he was not permitted to develop the factual record for

---

[10] *Ramirez* held that "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." 596 U.S. at 382.

the Remand Claims upon remand from *Sasser II*. ECF No. 326, at 11–17. Sasser then contends that the clear legal error in *Sasser III*, together with the obvious equitable considerations surrounding his death sentence, satisfies the extraordinary circumstances requirement for relief.

The Court finds that Sasser's motion must be denied. Sasser's argument relies on a misreading of both *Sasser III* and *Rivers*. Sasser characterizes the Eighth Circuit as holding that merely developing the factual record for his claims upon remand—which it directed that the Court do—constituted a successive petition. However, that is not the rationale expressed in *Sasser III*.[11] For the three Remand Claims which Sasser did not abandon upon remand, the Eighth Circuit determined that the record demonstrated that those claims were procedurally defaulted and could not be considered by the Court.[12] *Sasser III*, 999 F.3d at 613–15. For the two claims on which the Court granted relief, the Eighth Circuit determined that those claims "as characterized on remand" had not simply been augmented with additional facts but had become distinct from the Remand Claims and those in the Amended Petition. *Id.* at 615. More importantly, the Eighth Circuit noted that those two claims were first presented in the Second Amended Petition and found to be abusive by the Court because they should have been known to Sasser when he initiated this habeas action years earlier. *Id.* at 615–16 (citing ECF No. 71, at 18). The Eighth Circuit clearly agreed with that earlier assessment because it held that the "new ineffective-assistance claims" considered by the Court were ultimately "barred as a second or successive petition *and an abuse of the writ*." *Id.* at 616 (emphasis added).

The Supreme Court's opinion in *Rivers* does not preclude the Eight Circuit's determination. *Rivers* specifically addressed the question of "whether 28 U.S.C. § 2244(b)(2)'s rules for 'second

[11] Sasser expresses this erroneous characterization several times. *See* ECF No. 315, at 16–17, 19–20, 26–27; ECF No. 326, at 4–5, 9–10.

[12] The Court notes that a challenge to a finding of procedural default for a habeas claim is not a "merits" challenge that precludes the use of Rule 60(b)(6) to seek relief. *Gonzalez*, 545 U.S. at 532 n.4.

or successive' habeas petitions apply to a habeas filing made *after* the district court has denied an initial petition but *before* an appellate court has weighed in." 605 U.S. at 457 (emphasis in original). The Supreme Court determined that such filings are successive petitions, noting that "whether a filing qualifies as a second or successive application *generally* turns on the existence of a final judgment with respect to the first petition, not the status of an appeal." *Id.* at 453 (emphasis added). Sasser clings to this rationale to argue that the amendments to his claims on remand could not be considered a successive petition because there was no final judgment in place.[13] However, *Rivers* does not put forth a rule—either explicitly or implicitly—which holds that second-in-time habeas filings prior to a final judgment can never be considered successive. Indeed, *Rivers* explicitly declined to address an argument that mirrors the position that Sasser takes: that any attempts to amend an initial habeas petition "do not—by their nature—qualify as second or successive filings under § 2244(b)." *Id.* at 457–58. Therefore, the Court does not view *Rivers* as disturbing the principle that "[c]hronology here is by no means all" and that a later-in-time filing which constitutes "an abuse of the writ" is successive for the purpose of 28 U.S.C. § 2244(b). *Banister*, 590 U.S. at 512. In turn, this means that nothing in *Rivers* prohibited the Eighth Circuit's determination that the new claims Sasser presented upon remand constituted "an abuse of the writ" and were thus unauthorized successive claims subject to the requirement of 28

[13]Sasser engages in some deceptive quotation from *Rivers* to make final judgments appear to be the lone factor that determines successive petitions instead of a general guideline. For example, Sasser emphasizes that "[a]n amendment is not barred by § 2244(b), 'if the judgment relating to [a petitioner's] first petition had been vacated on appeal and the case reopened in the District Court.' *Rivers*, 605 U.S. at 449." ECF No. 315, at 24. However, that quoted language was the Supreme Court merely summarizing the Fifth Circuit's reasoning, not stating its own holding. *Rivers*, 605 U.S. at 449. As noted above, the Supreme Court explicitly declined to decide if attempted amendments to an initial petition are categorically not successive petitions. *Id.* at 457. Sasser quotes *Rivers* in a different instance to assert that "for purposes of the § 2244(b) jurisdictional bar, 'it is the final judgment related to the initial habeas petition that matters.' [*Rivers*, 605 U.S.] at 456–57." ECF No. 315, at 21. However, the quote with the missing context is "we reject Rivers's focus on the timing of his successive filing *relative to the pendency of his appeal*, and we conclude instead that it is the final judgment related to the initial habeas filing that matters." *Rivers*, 605 U.S. at 456–57 (emphasis added).

U.S.C. § 2244(b)(3)(A). *Sasser III*, 999 F.3d at 615–16.

The Supreme Court's holding in *BLOM Bank* does not salvage Sasser's argument. *BLOM Bank* outlined the appropriate standard to apply when evaluating a request to reopen a case pursuant Rule 60(b)(6) that is made for the purposes of filing an amended pleading pursuant to Rule 15(a). 605 U.S. at 209–10. The Supreme Court held that the "extraordinary circumstances" standard required for relief under Rule 60(b)(6) must be satisfied independently to reopen the case, and that the liberal amendment standard under Rule 15(a) does not lessen that initial burden. *Id.* at 213–14. The Supreme Court reasoned that the liberal amendment standard for Rule 15(a) presupposes that there is an ongoing case and active pleading to amend, and thus Rule 15(a)'s considerations are not applicable until a judgment is first set aside and the case reopened. *Id.* at 213–14. Sasser contends that this holding bolsters his argument that Rule 15(a)'s liberal amendment standard applied once the Court's judgment was vacated and his case was remanded after *Sasser II*. However, Sasser's reliance on *BLOM Bank* rests on the Court accepting an argument that it rejected above: that *Rivers* sets forth a categorical rule that nothing filed prior to a final judgment in a habeas case can be considered a successive filing. Therefore, while the liberal amendment standard for pleadings generally applies once a judgment is vacated, *see BLOM Bank*, 605 U.S. at 213–14, this does not necessarily preclude a determination that new claims presented prior to a final judgment are abusive and thus barred from consideration under 28 U.S.C. § 2244(b)(3), *see Banister*, 590 U.S. at 512.

Sasser's request for relief relies upon first establishing that the Eighth Circuit committed a clear and fundamental legal error in *Sasser III*. ECF No. 315, at 27–30. Although Sasser might believe that *Sasser III* misinterpreted the remand directive from *Sasser II* or misinterpreted the claims he presented upon remand, the subsequent rulings in *Rivers* and *BLOM Bank* do not clearly

demonstrate that the Eighth Circuit was prohibited from ruling as it did. Without establishing the legal error upon which his remaining arguments rely, Sasser has failed to show the "extraordinary circumstances" required under Rule 60(b)(6) to vacate the dismissal of his habeas petition. *Buck*, 580 U.S. at 123. Consequently, Sasser's motion must be denied.[14]

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Petitioner Andrew Sasser's Motion for Relief from Judgment (ECF No. 314) should be and is hereby **DENIED**.

**IT IS SO ORDERED**, this 24th day of September, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

[14] Because the Court has determined that *Rivers* and *BLOM Bank* do not demonstrate any error in *Sasser III*, the Court finds it unnecessary to address Respondent's argument that the remand order from *Sasser II* directing factual development in this Court violates the later holding in *Shinn v. Ramirez*, 596 U.S. 366 (2022). ECF No. 321, at 20–21.